# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ONESIMO J. GARCIA,**

**vs.**                                                                                       **Civil No. 03-784 RLP**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**I.    Background**

Plaintiff sustained a back injury in 1989.[1] He filed an application for disability income benefits on September 29, 1992, alleging a date of onset of disability of June 17, 1990.[2] (Tr. 82). The application was denied by an administrative law judge on May 23, 1994. (Tr. 301-308). After finding that Plaintiff had the residual functional capacity ("RFC" herein) to perform work that did not involve lifting in excess of 15 lbs., or prolonged sitting or standing, the ALJ applied the Medical Vocational Guidelines for light and sedentary work and concluded that Plaintiff was not disabled. (Tr. 306-308). The Appeals Council undertook review of Plaintiff's claim, reversed the ALJ's denial, and ordered that the ALJ obtain vocational testimony to clarify the effect of Plaintiff's non-exertional limitations,

---

[1] Plaintiff's underlying back condition was treated by numerous physicians. Up through the date of the date he was last insured for disability insurance benefits, it was denominated facet impingement syndrome (Tr. 142), chronic mechanical Low back pain with L4-5 disc protrusion w/o thecal sac impairment (Tr. 221), lumbosacral sprain (Tr. 219), low back strain associated with underlying L4-5 intervertebral disc degeneration (Tr. 248), L5-S1 disc disease without thecal involvement (Tr. 212), lumbar strain, chronic mechanical facet arthralgia at the L-S junction and L4-5 degenerative disc disease (Tr. 241-243).

[2] Plaintiff filed two prior applications which were denied administratively with no appeal taken. (Tr. 57, 41).

specifically, the inability to lift over 15 pounds as well as postural limitations.[3]

Testimony from a vocational expert ("VE" herein)was taken at a second administrative hearing on May 17, 1995. (Tr. 375-414). On September 7, 1995, the ALJ issued a second decision denying Plaintiff's claim. (Tr. 12-28). Plaintiff appealed the denial to the District Court after the Appeals Council refused to review the ALJ's decision. (Tr. 5, 455). The District Court reversed the Commissioner and remanded for additional proceedings, finding that the ALJ's hypothetical questions to the VE ignored the previously determined 15-pound lifting limitation. (Tr. 457-464).

A third hearing before a new ALJ was held on May 19, 1998. (Tr. 526-539). At that hearing the ALJ presented the following hypothetical question to a VE [4]:

> . . . [A]ssume . . . a man who is 43 years old now . . . He was born in October 1954. He left school in the tenth grade and can now read and write at approximately the fifth grade level. His prior work was medium to heavy, unskilled so this man possesses no transferable skills. He now possesses the exertional capacity for work that does not require lifting in excess of 15 pounds at any time. He requires the option to sit for no more than two hours at a time. He can stand for three to four hours at a time. He can walk but only two or three blocks at a time. He should avoid stooping.[5] He should avoid bending. In any case, he should not perform those things when he is carrying more than 15 pounds. And he should limit his stooping and bending to no more than two or three times an hour . . .

(Tr. 517).

---

[3]The Appeals Council had also ordered consideration of Plaintiff's mental status. (Tr. 319). Issues related to his mental status have been resolved by the ALJ, and are not relevant to the current appeal.

[4]In this third decision, the ALJ "adopted by reference the analysis and findings" of the September 7, 1995 decision, and limited his evaluation to "the issue of whether Mr. Garcia can return to his past work or perform other jobs existing in significant numbers based on his limited ability to sit, stand, or lift more than 15 pounds, and to obtain expert testimony in doing so." (Tr. 528).

[5]Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist. *Fedison V. Secretary of Health And Human Services,* 748 F.Supp. 449, 456 (W.D. La. 1990).

Though not stated specifically, it appears that the bending limitation adopted by the ALJ was based on a physical capacities evaluation performed in November of 1990, which stated that static bending was "unsafe." (Tr. 228). The VE testified that an individual with these limitations could perform the jobs of information clerk, cashier and customer service clerk, identifying all as unskilled positions. (Tr. 517-519).

On review the Appeals Council again remanded to the ALJ for additional proceedings, noting that none of the jobs identified by the VE were defined as unskilled by the Dictionary of Occupational Titles ("DOT" herein). (Tr. 549-550). S.S.R.00-04p, 65 FR 75759-01; 2000 WL1765299, *75760. The Appeals Council ordered the Commissioner to obtain testimony from a VE as to what unskilled jobs Plaintiff could perform given his capacity and limitations as established by the record as a whole. (Tr. 550).

A fourth hearing before a different ALJ was held on November 26, 2001. The ALJ posed the following hypothetical question to a VE:

> [Assume an alleged] onset of disability at age 35, he was 42 years of age at his date last insured, he is currently 47, he has a tenth grade education, his past relevant work history is noted as stated here in the file . . . he could lift and carry a maximum of 15 pounds; he would have . . . an option of sitting a maximum of two hours at one time; standing two hours at one time; walking three blocks at a time; he would have to avoid stooping or, or bending while lifting that 15 pounds; and that he could stoop and bend a maximum of, of two to three hours in a whole day.

(Tr. 446).

The VE testified that such an individual could perform the unskilled, light jobs of assembly worker[6],

---

[6] According to DOT 754.685-014 , this job is designated Assembly-Machine Tender. This job will be referred to as assembler in this opinion.

sorter[7] and parking lot attendant[8], as those jobs were defined in the DOT. (Tr. 446-450). He further testified that these jobs were available in significant numbers in the regional and national economies.[9]

The ALJ denied Plaintiff's claim on December 20, 2001, finding that he could perform the jobs of light sorter, light assembler and parking lot attendant. (Tr. 424). Plaintiff again sought review from the Appeals Council, which declined to accept jurisdiction. (Tr. 415).

This matter comes before the court on Plaintiff's Motion to Reverse Administrative Agency Decision and Remand for payment of benefits, or in the alternative, remand for rehearing for Rehearing. (Docket No. 10). Plaintiff contends that the VE's testimony does not constitute substantial evidence because the hypothetical question posed by the ALJ inaccurately reflected Plaintiff's ability to bend; that the ALJ erred by failing to have the VE explain the difference between his opinion and agency policy found in S.S.R. 83-12, which states that most unskilled jobs do not permit a person to sit or stand at will; that the ALJ failed to have the VE explain how Plaintiff could perform the light work identified, given his limited ability to sit, stand and walk; and finally that the ALJ did not consider the effects of prescription medication on Plaintiff's RFC.

## II.    Scope of Review

Judicial review by this court is limited to determining (1) whether the Commissioner applied the proper legal standards and (2) whether the Commissioner's decision is supported by substantial

---

[7]According to DOT 921.685-046, this job is designated Fruit Distributor. This job will be referred to as sorter in this opinion.

[8]DOT 915.473-010.

[9]The VE testified that there were 6,000 regional and 320,000 national sorter positions, 14,000 regional and 12,033,000 national assembler positions and 300 regional and 86,000 national parking lot positions. (Tr. 447-448).

evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F. 2d 1495, 1497-1498 (10th Cir. 1992). If the Commissioner's factual findings are supported by substantial evidence, they must be given conclusive effect. 42 U.S.C. §405(g). Substantial evidence is that which a reasonable person might find sufficient to support a particular conclusion. *Richardson v. Perales*, 402 U.S. 389, 401-402 (1971). Further, evidence must be more than a scintilla, *Id*., at 403, but may be less than a preponderance. *Flint v. Sullivan*, 951 F.2d 264, 266 (10th Cir. 1991).

**III.     Discussion**

In the decision under review, the denial of December 20, 2001, the ALJ did not address the medical evidence of record or set forth any explanation for his evaluation of Plaintiff's RFC, other than to incorporate by reference the analysis and findings of residual functional capacity from the decision issued on September 14, 1998. (Tr. 423). The September 14, 1998 decision found:

> The claimant has the residual functional capacity to perform work-related activities at the light level, **except for**: work involving lifting more than 15 pounds; sitting for more than two hours at any time without having the option to change position; standing three to four hours at a time; walking only two-to-three blocks at a time. He should avoid stooping and bending especially when lifting 15 pounds; and can stoop and bend a maximum of two or three times an hour.

(Tr. 533). (Emphasis in the original). Plaintiff correctly points out that the hypothetical question posed at the most recent hearing did not track this RFC, instead allowing the VE to assume the ability to stoop and bend for two-three <u>hours</u> in a work day.

Based on DOT descriptions, only one of the three jobs identified by the VE, that of assembler, requires stooping. (Compare DOT 754.685-014 (assembler) with DOT 921.685-046 (sorter) & 915.473-010 (parking lot attendant)). If this job is excluded from consideration, the evidence indicates that the remaining two jobs of sorter and parking lot attendant are present in significant

5

numbers in the regional and national economies. (See footnote 9, *supra.*).

Plaintiff contends that the jobs of sorter and parking lot attendant necessarily require the ability to stand, sit or walk in excess of his RFC.  In support of this contention, Plaintiff cites to S.S.R. 83-12, which states that  "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will."  S.S.R. 83-12, 1983-1991 Rulings, Soc. Sec. Rep. Serv. 36, 40 (West 1992). The next sentence of the ruling states:  "In cases of unusual limitation of ability to sit or stand, a VS [vocational specialist] should be consulted to clarify the implications for the occupational base."  *Id*. The ALJ did consult a vocational expert.  Accordingly, I find that the ALJ did not violate the provisions. S.S.R. 82-12.

This circuit recognizes that there may be a conflict between a VE's testimony as to the physical and/or mental capacity required by a particular job, and the description of that job in the DOT.  Where such a conflict exists in a case determined at step five of the sequential evaluation process, it is improper to allow the ALJ to rely on summary the conclusions of a VE that conflict with the DOT unless the ALJ obtains some explicit clarification justifying reliance on the judgment of the VE.  "(T)he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."  *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir.1999).

Plaintiff asserts that the VE testimony conflicts with the DOT because the jobs identified cannot be performed in a seated position:

- Sorter, as described in the DOT,  requires tending to a conveyor belt, patrolling a catwalk, and turning wingnuts and adjusting rods to regulate the flow of fruit.

- Parking lot attendant, as described in the DOT, requires the ability to park cars, collect parking fees, patrol parking areas to prevent theft and locate automobiles for customers.

The ALJ did not find that Plaintiff was confined to a sedentary job. The RFC adopted by the ALJ, and the one not challenged by Plaintiff, permits sitting for up to two hours at a time, standing for three to four hours at a time and walking two or three blocks at a time. I can see no conflict between the VE's testimony, and the job requirements for sorter and parking lot attendant as contained in the DOT.

Plaintiff contends that the job of sorter should not be considered because it does not exist in the region. Plaintiff has provided the court with no factual authority on this issue. The DOT section referred to as sorter by the VE, 921.685-046, is designated fruit distributor, and involves tending to a conveyor which distributes citrus fruit to packers' work stations. Government publications indicate that New Mexico and/or Texas produce fruits including apples, citrus trees I, II, III and IV, oranges, grapefruit, grapes, peaches and pecans.[10] Accordingly, I find that the ALJ did not err in accepting the VE's testimony that the job of sorter was available in the regional and national economy.

Finally, Plaintiff contends that the ALJ failed to consider the effect of prescription drug medication on his RFC. This issue was considered and determined by the ALJ in the September 7, 1995 decision, and involved an assessment of Plaintiff's credibility. Credibility determinations are particularly the province of the fact finder and will not be upset when supported by substantial evidence. *Diaz v. Secretary of Health & Human Services*, 898 F.2d 774, 777 (10th Cir. 1990). The September 7, 1995, decision gave appropriate consideration to Plaintiff credibility, referring

---

[10] See e.g.,   http://www2.rma.usda.gov/news/pr/2000/001114.html.

specifically to the observations and opinions of treating physicians, Plaintiff's activities and the efficacy of medication. (Tr. 16-19). The rejection of Plaintiff's credibility was not contrary to law, was based on substantial evidence and is hereby upheld.

 **IV.   Conclusion**

For these reasons, Plaintiff's Motion to Reverse and Remand is denied, and the decision of the Commissioner, denying Plaintiff's Application for Disability Income Benefits is affirmed.

                                                                   _____
                                                                              **Richard L. Puglisi**
                                                                   **United States Magistrate Judge**
                                                                         **(sitting by designation)**